**UNITED STATES BANKRUPTCY COURT**
NORTHERN    DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: ROSE A. PASTORE § Case No. 15-03707
§ Hon. JACK B. SCHMETTERER
§ Chapter 7
§

Debtor(s)

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 02/04/2015.

The undersigned trustee was appointed on 02/04/2015.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                      $422,000.00

Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim distribution | |
| Administrative expenses | $25,811.50 |
| Bank Service Fees | |
| Other payments to creditors | $308,117.54 |
| Non-estate funds paid to 3rd Parties | |
| Exemptions paid to the debtor | $15,000.00 |
| Other payments to the debtor | |
| Leaving a balance on hand of [1] | $73,070.96 |

The remaining funds are available for distribution.

UST Form 101-7-TFR (5/1/2011)

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 08/14/2015 and the deadline for filing governmental claims was 08/14/2015. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $19,946.45. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $19,946.45, for a total compensation of $19,946.45 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $30.50, for total expenses of $30.50 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 03/28/2016   By: /s/ ALLAN J. DeMARS
                          Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**UST Form 101-7-TFR (5/1/2011)**

EXHIBIT "A" FORM 1

# INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
## ASSET CASES

Case No. 15-03707

Case Name: ROSE A. PASTORE

For Period Ending: 3/31/16

Trustee Name: Allan J. DeMars

Date Filed (f) or Converted (c): 2/4/15 (F)

§341(a) Meeting Date: 5/13/15

Claims Bar Date: 8/14/15

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) Ref # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§ 554(a) abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1  Residence at 14210 S. 87th Avenue Orland Park, IL | 480,000.00 | 75,000.00 | | 77,782.46 | FA |
| 2  cash | 200.00 | 0.00 | | 0.00 | FA |
| 3  checking account | 20.00 | 0.00 | | 0.00 | FA |
| 4  household furnishings | 14,800.00 | 0.00 | | 0.00 | FA |
| 5  glassware, art objects | 2,000.00 | 0.00 | | 0.00 | FA |
| 6  wearing apparel | 5,000.00 | 0.00 | | 0.00 | FA |
| 7  2005 Volkswagon Passat | 4,500.00 | 0.00 | | 0.00 | FA |
| 8  401K (U) | 207.44 | 0.00 | | 0.00 | FA |

TOTALS (Excluding unknown values)                    75,000.00              77,782.46

(Total Dollar Amount in Column 6)

Major activities affecting case closing: sale of debtor's residence for $422,000.00

Initial Projected Date of Final Report (TFR):  March, 2016         Current Projected Date of Final Report (TFR):   3/28/16

EXHIBIT "A" - FORM 2
**CASH RECEIPTS AND DISBURSEMENT RECORDS**

Case No.: 15-03707
Case Name: ROSE A. PASTORE
Taxpayer ID#: xx-xxx1416
For Period Ending: 3/31/16

Trustee's Name: Allan J. DeMars
Bank Name: Wells Fargo
Initial CD #: CDI
Blanket bond (per case limit): 5,000,000
Separate bond (if applicable):
Checking Acct#: xxxxxx4672

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Checking Acct Balance |
| 2/23/16 | Ref 1 | Jacquez/North American Title | Gross sales price $422,000.00<br><br>Less amounts paid through escrow:<br><br>PNC mortgage payoff: $297,899.50<br><br>Realtor's commission: $21,100.00<br><br>real estate taxes: $6,757.04<br><br>closing costs: $3,461.00<br><br>homestead exemption: $15,000.00<br><br>NET PROCEEDS FROM CLOSING | 1110-000<br><br><br><br>4110-000<br><br><br>3510-000<br><br><br>2820-000<br><br><br>2500-000<br><br><br>8100-002 | 77,782.46 |  | 77,782.46 |
| 3/8/16 |  | Wells Fargo | check printing charge | 2600-000 |  | 41.85 | 77,740.61 |
| 3/9/16 | Check 1001 | Clerk US Bankruptcy Court | payment of deferred filing fee | 2700-000 |  | 176.00 | 77,564.61 |
| 3/22/16 |  | Wells Fargo | reversal of check printing charge | 2600-000 |  | (41.85) | 77,606.46 |
| 3/24/16 | Check 1002 | Lois West/Popowcer Katten, Ltd. | accountant's fees | 3410-000 |  | 841.50 | 76,764.96 |
| 3/24/16 | Check 1003 | Stuart Spiegel | attorney for trustee fees | 3110-000 |  | 1,300.00 | 75,464.96 |
| 3/24/16 | Check 1004 | Paul J. Hendershott | reimbursement of expenses | 3520-000 |  | 2,394.00 | 73,070.96 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| **Trans. Date** | **Check or Ref. #** | **Paid to/ Received from** | **Description of Transaction** | **Uniform Transaction Code** | **Deposit $** | **Disbursement $** | **Checking Acct Balance** |
|  |  |  |  |  |  |  |  |

```
                                        COLUMN TOTALS      422,000.00    348,929.04      73,070.96
                            Less: Bank transfers/CD
                              Subtotal
                            Less: Payments to debtor(s)     15000.00     15,000.00
                            Net                            407,000.00    333,929.04      73,070.96

                                                                          NET
     TOTAL - ALL ACCOUNTS                           NET    DEPOSITS    DISBURSEMENTS     BALANCES
     Checking#    XXXXXX4672                              407,000.00    333,929.04      73,070.96
     Money Market #
     Savings #
     CD #CDI
     Net                                                  407,000.00    333,929.04      73,070.96
                                                       Excludes account  Excludes payments  Total Funds
                                                          transfers         to debtor       on Hand
```

EXHIBIT C: CLAIMS REVIEW ANALYSIS
BAR DATE: August 14, 2015

| CLAIM # | DATE FILED | NAME | AMOUNT | PROPOSED DISTRIBUTION |
|---|---|---|---|---|
| | | UNSECURED CLAIMS | | |
| | | | | |
| | | NONE FILED | | |

Exhibit D

# TRUSTEE'S PROPOSED DISTRIBUTION

Case No: 15-03707
Case Name: ROSE A. PASTORE
Trustee Name: ALLAN J. DeMARS

**Balance on hand:** $73,070.96

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| | NONE | | | | $0.00 |

Total to be paid to secured creditors: $0.00
Remaining balance: $73,070.96

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| Trustee, Fees | ALLAN J. DeMARS | $19,946.45 | $0.00 | $19,946.45 |
| Trustee, Expenses | ALLAN J. DeMARS | $30.50 | $0.00 | $30.50 |
| Attorney for Trustee, Fees | ALLAN J. DeMARS | $6,792.50 | $0.00 | $6,792.50 |
| Attorney for Trustee, Expenses | ALLAN J. DeMARS | $0.00 | $0.00 | $0.00 |
| Accountant for Trustee, Fees | | | | |
| Accountant for Trustee, Expenses | | | | |
| Auctioneer, Fees | | | | |
| Auctioneer, Expenses | | | | |
| Charges, | U.S. Bankruptcy Court | | | |
| Fees, | United States Trustee | | | |
| Other | | | | |

Total to be paid for chapter 7 administrative expenses : $26,769.45
Remaining balance: $46,301.51

UST Form 101-7-TFR (5/1/2011)

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| *Attorney for Debtor, Fees* | | | |
| *Attorney for Debtor, Expenses* | | | |
| *Attorney for           , Fees* | | | |
| *Attorney for           , Expenses* | | | |
| *Accountant for          , Fees* | | | |
| *Accountant for          , Expenses* | | | |
| *Other* | | | |

Total to be paid for prior chapter administrative expenses: $0.00
Remaining balance: $46,301.51

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling _____$0.00_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for priority claims: $0.00
Remaining balance: $46,301.51

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling _____$0.00_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be ___0___ percent, plus interest (if applicable).

**UST Form 101-7-TFR (5/1/2011)**

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for timely general unsecured claims: $0.00
Remaining balance: $46,301.51

Tardily filed claims of general (unsecured) creditors totaling _____$0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be __0__ percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for tardy general unsecured claims: $0.00
Remaining balance: $46,301.51

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling _____$0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be __0__ percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for subordinated claims: $0.00
Remaining balance: $46,301.51

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of _____ percent pursuant to 11 U.S.C. §726(a)(5). Funds available for interest are _____$0.00. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is _____$46,301.51.

**UST Form 101-7-TFR (5/1/2011)**